**SO ORDERED.**

**SIGNED this 07 day of February, 2013.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| **TANGLEWOOD FARMS, INC. OF ELIZABETH CITY,** | **CASE NO. 10-06719-8-JRL** |
|      **DEBTOR.** | **CHAPTER 7** |

**JAMES B. ANGELL, CHAPTER 7 TRUSTEE**
     **Plaintiff,**

          **v.**

**AUGUSTA SEED CORPORATION,**
     **Defendant.**

**ADVERSARY PROCEEDING
NO. 12-00192-8-JRL**

### ORDER

This matter comes before the court on the motion of defendant, Augusta Seed Corporation ("Augusta Seed"), to dismiss the complaint filed by plaintiff, James B. Angell ("trustee"), seeking to recover allegedly fraudulent transfers made to Augusta Seed by the debtor. A hearing was held on the matter on January 24, 2013.

### BACKGROUND

Tanglewood Farms, Inc. of Elizabeth City ("debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 20, 2010. The case was subsequently converted

1

to a case under chapter 7 on July 12, 2011. Prior to conversion, the debtor was in the business of purchasing, selling, and storing grain. James H. Winslow ("Winslow") is the president and 100% stockholder of the debtor.

The trustee alleges that the debtor made three payments to Augusta Seed during the two year period prior to the petition date in the total sum of $100,000.00. Two of the payments were made from the debtor's bank accounts in the name of the debtor. The third payment was made by Winslow but funded by the debtor pursuant to a loan from the debtor to Winslow. All three payments took place within the two years prior to the petition date. The trustee alleges that the payments were made for the benefit of Winslow's obligations to Augusta Seed under a promissory note and deed of trust dated April 17, 2009. The debtor's records do not indicate that the debtor received any property in exchange for the transfers. Further, the debtor opened a fictitious bank account on or about August 26, 2009, for the purpose of diverting grain proceeds from a lien creditor to other creditors.

The trustee filed the present adversary proceeding on August 19, 2012 to avoid the payments pursuant to 11 U.S.C. §§ 544 and 548 and to recover the proceeds from Augusta Seed pursuant to 11 U.S.C. §§ 550 and 551. The trustee argues that the debtor received less than reasonably equivalent value in exchange for the transfers and was insolvent on the date of the transfers. At the time of the transfers, according to the trustee, the debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital. Finally, the trustee contends that the debtor intended to incur, or believed that it would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

2

Augusta Seed filed the motion currently before the court on September 20, 2012, seeking an order dismissing the matter with prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Augusta Seed also asserts that the trustee has failed to state with particularity the circumstances which constitute fraud pursuant to Rule 7009 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 9(b) of the Federal Rules of Civil Procedure.  In response, the trustee states that the complaint, as filed, contains sufficient factual allegations to show a plausible claim for relief under the relevant Bankruptcy Code provisions, and that Rule 9(b) is not applicable to the complaint because the trustee makes no allegations of actual intent to defraud.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007).  In order to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 554 at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" in order to survive a Rule 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

Section 548(a)(1)(B) of the Bankruptcy Code provides:

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily–

.  .  .  .

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B).  Section 544 of the Bankruptcy Code allows a claim for avoidance of fraudulent transfer to also be brought under North Carolina's Uniform Fraudulent Transfer Act. Since the transfers here occurred within the two year period preceding the filing of the petition,[1] the analysis regarding a claim brought under §§ 544 or 548 remains much the same.  Allman v. Wappler (In re Cansorb Indus. Corp.), AP No. 07-6072, 2009 Bankr. LEXIS 3840, at *31 (Bankr. M.D.N.C. Nov. 20, 2009) ("Section 39–23.4 of the UFTA contains both actual and constructive fraud provisions, much like Section 548 of the Bankruptcy Code.").

---

[1]A cause of action under North Carolina's Uniform Fraudulent Transfer Act may be brought within four years of the alleged fraudulent transfer.  N.C. Gen. Stat. § 39-23.9.

4

Insolvency is defined in the Bankruptcy Code as the "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation . . . ." 11 U.S.C. § 101(32)(A). Courts in the Fourth Circuit apply the "balance sheet test" in determining insolvency for purposes of a fraudulent transfer action under § 548, which "involves the comparing of the fair market value of the debtor's assets at the time of the transaction with the debtor's liabilities on the same date." Ruby v. Ryan (In re Ryan), 472 B.R. 714, 727 (Bankr. E.D. Va. 2012) (citation omitted). This court has taken into consideration a debtor's schedules at the time of the petition date in determining the plausibility of a debtor's insolvency at the time of earlier transfers. See Angell v. First Eastern, LLC (In re Caremerica, Inc.), AP. No. 08-00157-8-JRL, 2011 Bankr. LEXIS 2429, at *10 (Bankr. E.D.N.C. Apr. 15, 2011).

Upon review of the pleadings and counsels' arguments, the court finds that the trustee's complaint contains facts sufficient to show a plausible claim for the avoidance of the fraudulent transfers, satisfying the burden of Rule 12(b)(6). Because the transfers undisputedly occurred within the two years of the petition date, it is immaterial whether the cause of action is brought under the constructive fraud provisions of North Carolina's Uniform Fraudulent Transfer Act or § 548. Further, Rule 9(b), requiring the circumstances of fraud to be stated with particularity, is not applicable here because this is a constructive fraud case. Angell v. BER Care, Inc. (In re Caremerica, Inc.), 409 B.R. 737, 756 (Bankr. E.D.N.C. 2009).

The complaint alleges facts sufficient to show that the transfers were made while the debtor was insolvent or that debtor was left with unreasonably small capital as a result of the transfer. Specifically, the egregious nature of the debtor's insolvency as of the petition date, as indicated in the debtor's schedules, raises an inference that the debtor's insolvency predated the petition to the

time of the alleged fraudulent transfers.  The argument that the transfers left the debtor with unreasonably small capital is bolstered by the fact that the debtor set up a fictitious bank account to pay its obligations because it was unable to do so out of its operating account.  Therefore, the trustee makes a plausible claim that the conveyances were fraudulent pursuant to §§ 544 and 548 of the Bankruptcy Code.

## **CONCLUSION**

Based on the foregoing, Augusta Seed's motion to dismiss is **DENIED**.

**END OF DOCUMENT**